UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLORIA JONES SCOTT

VERSUS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, ET AL

CIVIL ACTION

NUMBER 09-912-JJB-SCR

**ORDER TO AMEND COMPLAINT**

Plaintiff Gloria Jones Scott filed a complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiff alleged that she is domiciled in Louisiana, defendant Hartford Life and Accident Insurance Company is a Connecticut corporation with its principal place of business in Connecticut, defendant Affinion Benefits Group, LLC, is a "foreign limited liability company organized under the laws of the State of Delaware with its principal place of business in Franklin, Tennessee," and defendant Merrick Bank Corporation is a "foreign corporation organized under the laws of the State of Utah with its principal place of business and South Jordan, Utah."

Plaintiff's jurisdictional allegations are not sufficient to allege the citizenship of defendant Affinion Benefits Group, LLC.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.
(continued...)

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[2]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company.[3]  The state where a limited liability company is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332.

Therefore;

IT IS ORDERED that plaintiff Gloria Jones Scott shall have 14 days to file an amended complaint which properly alleges the citizenship of defendant Affinion Benefits Group, LLC.

---

[1](...continued) 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

**Failure to do so may result in the case being dismissed for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, January 25, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE